United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51041
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DORIS DENISE MCELRATH-BEY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-114-2
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

     Doris Denise McElrath-Bey appeals the sentence imposed

following her guilty-plea conviction for one count of making a

false statement during acquisition of a firearm in violation of

18 U.S.C. § 922(a)(6) and § 924(a)(2).  She asserts that the

district court erred in determining that her base offense level

was 20 on account of a prior state felony conviction for

residential arson.  She also asserts that the district court

erred in failing to grant her a downward departure from the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

United States Sentencing Guidelines sentencing range because she purchased a firearm in order to protect herself from threatened harm.

Inasmuch as McElrath-Bey concedes that her prior state felony conviction was for arson, an enumerated crime of violence under the relevant sentencing guideline, the district court did not err in determining that the base offense level was 20.  See U.S.S.G. § 2K2.1(a)(4)(A) and § 4B1.2(a)(2) and comment. (n.1). The district court determined that the facts of the case did not warrant a downward departure, and therefore this court does not have jurisdiction to review the refusal to depart.  United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997).

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.